O

# United States District Court
# Central District of California

| | |
|---|---|
| JOLINE ORNELAS,<br><br>                    Plaintiff,<br><br>        v.<br><br>PARTS AUTHORITY METRO LLC et al.,<br><br>                    Defendants. | Case № 5:25-cv-03450-ODW (MBKx)<br><br>**ORDER DENYING MOTION TO REMAND [15]** |

## I.     INTRODUCTION

Plaintiff Joline Ornelas filed this putative class action in state court against Defendants Parts Authority Metro LLC; Parts Authority, LLC; and PAI Holdco, Inc. (Decl. Jennell Shannon ISO Notice Removal Ex. A ("Compl."), Dkt. No. 1-2.) Defendants removed the action to this Court based on the Class Action Fairness Act ("CAFA") and diversity jurisdiction.  (Notice Removal ("NOR") ¶¶ 13, 41, Dkt. No. 1.)  Ornelas now moves to remand, arguing that the Court lacks subject matter jurisdiction and that removal was procedurally defective.  (Mot. Remand ("Motion" or "Mot."), Dkt. No. 15.)  For the following reasons, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

PAI Holdco, Inc., is a Delaware corporation with its principal place of business in New York.  (NOR ¶ 19.)  Prior to 2021, PAI Holdco owned Parts Authority Metro LLC ("Metro") and Parts Authority LLC ("Authority"), both of which provided distribution services for automative parts throughout California.  (Compl. ¶¶ 18–20.)  In 2021, Metro merged into Authority, leaving Authority as the surviving entity ("2021 Merger").  (*Id.* ¶ 25; Decl. Kim Greenfield ISO Surreply ("Greenfield Decl.") ¶ 3, Dkt. No. 22-1.)  Prior to the 2021 Merger, Metro was a California limited liability company.  (Compl. ¶ 18.)  Authority is a Delaware limited liability company with its principal place of business in New York, and has only one member, PAI Holdco. (NOR ¶ 19.)

Since 2019, Ornelas, a citizen of California, has worked as an employee at one of Defendants' service locations.  (Compl. ¶¶ 15, 27.)  Ornelas alleges that during her employment, Metro and Authority denied her requests for reasonable accommodations and violated wage and hour laws.  (*Id.* ¶¶ 33–35, 37.)

On November 7, 2025, Ornelas filed this putative class action in state court. (Compl.)   Notwithstanding the 2021 Merger, Ornelas separately named each Defendant in her Complaint, including Metro.  (*Id.* ¶¶ 18–20.)  On December 18, 2025, Authority and PAI Holdco (collectively, the "Removing Defendants") removed the action to this Court, asserting jurisdiction under CAFA and diversity jurisdiction. (NOR ¶¶ 13, 41.)

Ornelas now moves to remand this case, arguing that the Court lacks any basis to exercise jurisdiction and that removal was procedurally defective.  (Mot. 2, 6–8; Reply 1, Dkt. No. 17.)

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

2

CAFA grants federal courts jurisdiction over class actions when: (1) the aggregated amount in controversy exceeds $5 million; (2) at least one putative class member is a citizen of a state different from any defendant (minimal diversity); and (3) the putative class exceeds 100 members. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B).

The removing defendant bears the burden of establishing CAFA jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). However, unlike cases removed under diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

## IV.  DISCUSSION

Ornelas seeks to remand this action on two grounds: (1) the presence of Metro divests this Court of jurisdiction under CAFA because several CAFA exceptions apply, and (2) Removing Defendants' removal was procedurally defective. (Mot. 6–10; Reply 3–5.)

## A.  Jurisdiction Under CAFA

Removing Defendants assert that this Court has jurisdiction under CAFA. (NOR ¶¶ 41–69.) Ornelas does not dispute that Removing Defendants have met the prima facie requirements for CAFA jurisdiction.[2] (*See generally* Mot.; Reply.) Rather, she argues that Metro remains a defendant in the action, and that Metro's presence implicates CAFA's exceptions, precluding the Court from exercising jurisdiction. (Reply 3–5, 7–9.)

### 1.  *Properly Named Parties*

The parties agree that Removing Defendants are proper defendants. (*See generally* Mot.; Opp'n.) However, the parties disagree over whether Metro remains a proper defendant following the 2021 Merger. (Reply 1; Surreply 2–4, Dkt. No. 22.)

---

[2] Having reviewed Removing Defendants' papers, including its Notice of Removal, (NOR), and its Response to the Court's Order to Show Cause, (Resp., Dkt. No. 12), the Court finds that Removing Defendants have sufficiently established a prima facie case of CAFA jurisdiction.

When an entity undergoes a merger, the merged entity "ceases to exist independently and cannot be subject to lawsuit." *Sanfilippo v. Tinder, Inc.*, No. 2:18-cv-08372-AB (JEMx), 2018 WL 6681197, at \*3 (C.D. Cal. Dec. 18, 2018). The surviving entity subsequently succeeds to all the rights and property of the merged entity and assumes the associated debts and liabilities "as if the surviving [entity] had itself incurred them." Cal. Corp. Code § 1107(a). For purposes of diversity jurisdiction, courts therefore consider only the citizenship of the surviving entity. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (holding that a California corporation ceased to exist upon a merger and therefore the district court properly considered only the surviving corporation's citizenship in its diversity analysis).

Here, as a result of the 2021 Merger, Authority succeeded to all of Metro's liabilities and Metro ceased to exist. (*See* Compl. ¶ 25; Greenfield Decl. ¶ 3.) As Metro ceased to exist, the Court cannot consider it in its jurisdictional analysis. *Meadows*, 785 F.2d at 670.

Ornelas instead argues, for the first time in her reply brief, that Removing Defendants failed to provide sufficient evidence that the 2021 Merger occurred. (Reply 2–3.) Specifically, Ornelas argues that the Court "should not accept Defendants' word that a corporate transaction occurred." (*Id.* at 2.) However, Ornelas concedes in her pleading that Metro "was merged to Parts Authority, LLC sometime in 2021." (Compl. ¶ 25.) This concession appears again in Ornelas's Motion. (Mot. 3 ("The pleading acknowledges that [Metro] was merged to [Authority].").) In light of these concessions, it was perfectly reasonable for Removing Defendants to assume that the existence of the 2021 Merger was not in dispute when opposing Ornelas's Motion. In any event, after Ornelas raised the issue in her reply brief, the Court permitted Removing Defendants to respond and they now submit evidence that they consummated the 2021 Merger. (*See* Greenfield Decl. ¶¶ 3, 5, Ex. B ("Merger Certificate"), Dkt. No. 22-1.) Thus, the Court finds that Removing

Defendants have met their burden of demonstrating that the 2021 Merger occurred and that Metro merged into Authority, leaving Authority as the surviving entity and extinguishing Metro.    *See Gutierrez v. Graphic Packaging Int'l, LLC*, No. 2:22-cv-06945-MWF (MAAx), 2023 WL 3402585, at *1–2 (C.D. Cal. Mar. 21, 2023) (holding that a merging California limited liability company ceased to exist after merging into a surviving Delaware limited liability company).

Accordingly, the Court finds that Metro is not a proper defendant in this action and disregards Metro's citizenship in its jurisdictional analysis.    *See Sanfilippo*, 2018 WL 6681197, at *3 (declining to consider the merged entity's citizenship for the purposes of diversity jurisdiction because the entity ceased to exist after its merger).

   2.    *CAFA Exceptions*

Having determined that Metro is not a proper party in this action, the Court now turns to the CAFA exceptions Ornelas invokes to require remand.

CAFA "sets out two circumstances that *require* district courts to decline jurisdiction": the "local controversy" exception and the "home-state controversy" exception.    *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(4)).    While the burden of establishing CAFA jurisdiction lies with the removing party, the burden of proving one of the exceptions to CAFA jurisdiction lies with the party seeking remand.    *Id.* at 1023–24.

Under the local controversy exception, a district court must decline to exercise jurisdiction when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state.    28 U.S.C. § 1332(d)(4)(A).    Ornelas attempts to invoke this exception by arguing that Metro is a California citizen and shares citizenship with at least two-thirds of the putative class members.    (Reply 4.)    However, as discussed above, Metro is not a properly named defendant.    Without Metro, none of the remaining defendants—Authority and PAI

Holdco—is a citizen of California.   Therefore, Ornelas cannot invoke the local controversy exception.

Orenelas's attempt to invoke the home state exception fails for the same reasons.   Under the home state exception, the court must decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed," here, California.   28 U.S.C. § 1332(d)(4)(B).   However, Metro is not a proper defendant in this action, and neither Authority nor PAI Holdco satisfy the exception's requirement that at least one defendant is a citizen of California.   Therefore, Ornelas cannot invoke the home state exception.

Accordingly, as no exception applies, the Court finds that it possesses jurisdiction over this action pursuant to CAFA.[3]

**B.   Procedural Defects in Removal**

Ornelas argues that Removing Defendants' removal was procedurally defective because it violated the unanimity rule and failed to include all relevant pleadings. (Mot. 6–7.)   Both arguments fail.

First, the unanimity rule requires all properly joined or served defendants to join in or consent to the removal.   28 U.S.C. § 1446(b)(2)(A); *see also Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 245 (1900) (removal requires the consent of all defendants).   However, Congress eliminated this requirement in CAFA actions and permits any defendant to remove a class action without obtaining the consent of all defendants.   28 U.S.C. § 1453(b); *Westwood Apex v. Contreras*, 644 F.3d 799, 803–04 (9th Cir. 2011).   As the Court exercises jurisdiction under CAFA, the unanimity requirement does not apply.   Consequently, even assuming Metro was a proper defendant, Removing Defendants did not need Metro's consent to remove this action.

---

[3] As the Court has jurisdiction under CAFA, the Court need not reach whether it would also have diversity jurisdiction over this action.   *See Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1150 n.1 (S.D. Cal. 2018) (declining to address diversity jurisdiction after finding jurisdiction under CAFA).

Second, under 28 U.S.C. § 1446(a), a defendant must state the "grounds for removal" and attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Here, Removing Defendants failed to attach proofs of service from the state court action to their Notice of Removal.  (Decl. Nathan Kiyam ISO Motion ¶ 11, Dkt. No. 15-1.)  This omission constitutes, at most, a *de minimis* procedural defect that may be cured even after the thirty-day removal period.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (holding that even the failure to attach a complaint to the notice of removal constituted a *de minimis*, curable defect that did not warrant remand).  The Court declines to remand on such a trivial basis.

Accordingly, the Court finds no procedural defects in Removing Defendants' removal that would warrant remand.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Ornelas's Motion to Remand.  (Dkt. No. 15.)

**IT IS SO ORDERED.**

May 4, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

7