Christina M. Lucio (SBN 253677)
    christina@emplawllp.com
Mitchell J. Murray (SBN 285691)
    mitchell@emplawllp.com
Nicholas W. Schieffelin (SBN 302329)
    nick@emplawllp.com
**EMPLAW, LLP**
2235 Encinitas Blvd., Suite 210
Encinitas, CA 92024
Telephone: (760) 208-1755

Attorneys for Plaintiff JOLINE ORNELAS, individually, and on behalf of herself and all others similarly situated

*[additional counsel on following page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DISTRICT

| | |
|---|---|
| JOLINE ORNELAS, individually, and on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>PARTS AUTHORITY METRO LLC, a California Limited Liability Company; PARTS AUTHORITY, LLC, a Delaware limited liability company; PAI HOLDCO, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:25-cv-03450-ODW (MBKx)<br><br>Assigned to: Michael B. Kaufman<br>Courtroom: 550, 5th Floor<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: November 7, 2025<br><br>Notice of Removal: December 18, 2025 |

- 1 -

Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
Jesse Edelman (SBN 351218)
Jesse.Edelman@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Jennell K. Shannon (SBN 354653)
Jennell.Shannon@jacksonlewis.com
JACKSON LEWIS P.C.
150 South Fifth Street, Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 341-8131

Attorneys for Defendants
PARTS AUTHORITY LLC and  PAI HOLDCO, INC.

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

1.  **A. <u>PURPOSES AND LIMITATIONS</u>**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B. <u>GOOD CAUSE STATEMENT</u>**

The parties anticipate that documents and/or information containing trade secrets or other confidential and proprietary technical, cost, operational, marketing, or other commercial information, as well as personally identifiable information, may be produced in the course of discovery in this action or otherwise disclosed or provided, and the parties wish to protect the confidentiality of such documents and information while ensuring that discovery may be pursued with minimal delay ad expense.  Such confidential materials are anticipated to consist of, among other things: correspondence; memoranda; personnel records; payroll records; human resources processes; business records, policies, practices, operations, or plans; financial records; amount or source of any income, profits, losses, or expenditures. The confidential information contained in such materials is likely to be contained or disclosed in documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

2.1    Action: the above-captioned lawsuit.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL": designation for any non-public information (regardless of how it is generated, stored, or maintained) that the Designating Party in good faith believes contains or reflects proprietary, sensitive, or private information, including but not limited to trade secrets, financial information, business plans, policies and procedures, personnel information, or personally identifiable information, the disclosure of which is likely to cause harm to the competitive position, privacy interests, or business operations of the Designating Party or any other person or entity.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information

- 5 -

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is

designated as "CONFIDENTIAL."

2.15   Receiving Party: a party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."    After the inspecting party has identified the

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."   The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give

- 9 -

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

written notice to the receiving party that the document or item produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must threat the information or item as confidential, once the Designating Party so notifies the Receiving Party.  If the Receiving Party has disclosed the information or item before receiving the designation, the Receiving Party must notify the Designating Party in writing of such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced information or items as "CONFIDENTIAL." If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Need for Heightened Designation.  Nothing in ths Order prohibits a Party from seeking heightened protections for material that deserves it.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.* as modified by Judge Kaufman's Procedures.  *See*  https://apps.cacd.uscourts.gov/Jps/honorable-michael-b-kaufman. Any discovery motion must strictly comply with these procedures.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4     The party objecting to confidentiality must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of a notice of objections, the objecting party may move the Court for a ruling on the objection.  The information or items at issue must be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter  has been otherwise resolved.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

"CONFIDENTIAL" only to:

> (a) the named Party in this Action;

> (b) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

> (c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

> (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

> (e) the Court and its personnel;

> (f) court reporters and their staff;

> (g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

> (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

> (i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

> (j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

(k) technical personnel of the parties with whom Outside Counsel of Record or House Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this Action;

(l) stenographic and clerical employees associated with the individuals identified above;

(m) mock jury participants; and

(n) any other person that the Designating Party agrees to in writing.

7.4 With respect to information or items designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author, or recipient of a copy of the document or information, may be shown the same.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent production of documents or information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or protection ("Privileged Material") shall not constitute a waiver of such privilege or protection in this Action or in any other federal or state proceeding. If a Producing Party discovers that it has inadvertently produced Privileged Material, it may notify the Receiving Party in writing of the claim of privilege or other protection. The notice shall identify the Privileged Material by Bates number or other sufficient description. Upon receipt of such notice, the Receiving Party shall promptly: (1)

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

cease any review, dissemination, or use of the identified material; (2) sequester or return or destroy all copies of the identified material, including any excerpts, summaries, or notes reflecting the substance of such material; (3) take reasonable steps to retrieve the material if it has been disclosed to any person not authorized to receive it; and (4) confirm in writing within five (5) business days that the material has been returned, destroyed, or sequestered. The Receiving Party shall not use or disclose the Privileged Material for any purpose unless and until the claim of privilege is resolved. To the extent Privileged Material is returned or destroyed, associated metadata shall also be treated consistently with this provision.

The Receiving Party may challenge the Producing Party's assertion of privilege or protection by providing written notice stating the basis for the challenge. The parties shall meet and confer in good faith to resolve the dispute. If the dispute is not resolved, the Receiving Party may submit the issue to the Court under seal for determination. The Receiving Party shall not assert as a ground for the challenge the fact or circumstances of the inadvertent production.

Pursuant to Federal Rule of Evidence 502(d), the production of Privileged Material in this Action, whether inadvertent or otherwise, shall not waive any privilege or protection in this Action or in any other federal or state proceeding.

Nothing in this Order shall require a Producing Party to conduct a pre-production privilege review, and the failure to do so shall not constitute a waiver of any privilege or protection.

## 12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4   Party's Own Protected Material.  Nothing in this Order is intended to, or does, impose limitations on a Party's use or disclosure of its own Protected Material.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any

such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.    MODIFICATIONS**

This Order may be modified by agreement of the Parties, subject to approval by the Court.  The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, at any time in these proceedings.  The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**15.    VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*[signatures on following page]*

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 11, 2026                    JACKSON LEWIS P.C.

By: /s/ Jennell Shannon
Jennell K. Shannon

Attorneys for Defendants
PARTS AUTHORITY, LLC and
PAI HOLDCO, INC.

Dated:  June 11, 2026                    EMPLAW, LLP

By: /s/ Nicholas Schieffelin
Nicholas W. Schieffelin

Attorneys for Plaintiff
JOLINE ORNELAS

**IT IS SO ORDERED.**

Dated:    06/12/2026

Michael B. Kaufman
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on in the case of *Joline Ornelas v. Parts Authority Metro, LLC, et al.*, Case No. 5:25-cv-03450-ODW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 20 -

STIPULATED PROTECTIVE ORDER
5:25-CV-03450-ODW